UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILLIP MARCELLUS EDWARDS,

    Petitioner,

v.

WARDEN, BELMONT CORRECTIONAL INSTITUTION

    Respondent.

:

:

:

Case No. 2:21-cv-4217
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner Phillip Marcellus Edwards, proceeding with the assistance of counsel, brings this petition for a writ of habeas corpus to obtain relief from his 2017 conviction in the Franklin County Court of Common Pleas. (Am. Petition, ECF No. 8. *See also* Brief in Support, ECF No. 7.) The case is now before the Court on Petitioner's Objections (Objs., ECF No. 18) to the Magistrate Judge's Report and Recommendation (R&R, ECF No. 15) recommending that the Amended Petition be dismissed.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R, Petitioner's Objections, and those portions of the record implicated therein, *de novo*, and finds no error in the Magistrate Judge's conclusions or reasoning.

I. **GROUND ONE: DISAPPEARANCE OF EVIDENCE, AND FAILURE TO GRANT NEW TRIAL AS A RESULT, DEPRIVED PETITIONER OF DUE PROCESS RIGHTS**

In his first ground for relief, Petitioner asserts that the disappearance of key evidence, and the Court of Common Pleas' failure to grant his motion for new trial, deprived him of the right to due process secured by the United States Constitution. (*See* Brief in Support, 11.) The Magistrate Judge found that the disappearance-of-evidence claim was procedurally defaulted "because Petitioner failed to raise it in his motion for a new trial." (R&R, 7.) Her Honor further found that the motion-for-new-trial claim was likewise procedurally defaulted because, "aside from [a] brief mention of due process in a section heading, Petitioner challenged the trial court's decision to deny his motion for new trial on exclusively state law grounds." (*Id.*, 10.) Finally, she concluded that, even if Ground One were not procedurally defaulted, it is unsuccessful because Petitioner failed to show that the ruling was "'so egregious' that it violated his right to a fundamentally fair trial." (*Id.*, 12.) *See also Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009) (quoting *Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009)).

Petitioner makes a number of objections to the R&R's treatment of Ground One. Each must be overruled.

Petitioner first argues that the Magistrate Judge erred by concluding that Ground One is procedurally defaulted. It is well-settled that, "[i]n order to fairly

2

present habeas claims to the state courts, such claims must be presented at the first available opportunity[.]" *Woodley v. Bobby*, No. 1:06CV1815, 2009 WL 233893, at *3 (N.D. Ohio Jan. 29, 2009) (citing *Rust v. Zent*, 17 F.3d 155, 160–61 (6th Cir. 1994)). The first available opportunity for Petitioner to present his claim that the disappearance of evidence implicated his federal rights was in his motion for a new trial before the Court of Common Pleas. By his own admission, he failed to do so.[1] (Objs., 2.) The first available opportunity for Petitioner to present his claim that the denial of the motion for new trial implicated his federal rights was before the Court of Appeals. As the Magistrate Judge explained, and as this Court agrees, Petitioner argued the claim with insufficient reference to the federal rights at issue. (*See* R&R, 10–11.) It is properly considered procedurally defaulted.

Petitioner further objects on the grounds that the R&R cites portions of the Court of Appeals' decision that considered the vanishing evidence through a juror-misconduct lens, while he now makes a "completely separate" argument based on "the disappearance-of-evidence or 'irregularity of proceedings.'" (Objs., 10.) But the

---

[1] To the extent that Petitioner argues that Claim One cannot be analyzed in terms of its component parts ((i) the disappearance of the evidence and (ii) the denial of the motion for new trial), the argument fails. (Objs., 7–8.) Though his Objections are less than clear on this point, it appears that Petitioner argues that his constitutional rights "were violated by both the disappearance of evidence during the trial and the trial court's denial of his motion for new trial," such that the challenge to the denial was the first available opportunity to present the disappearance-of-evidence argument. (*Id.*, 8.) But the motion for new trial was based entirely upon the facts surrounding the missing evidence, and made entirely in state-law terms. (*See* ECF No. 11, PAGEID # 100–01.) Crediting the argument would allow an end-run around a habeas petitioner's duty to present claims at the first available opportunity.

Magistrate Judge's finding went well beyond juror misconduct. Instead, she found that Petitioner was not prejudiced by the disappearance, no matter the reason for it:

> As the trial and appellate court both explained, there was no evidence that rushed their deliberations in this matter **or that there was a lack of evidence to support the jury's guilty verdicts**. On this record, the Undersigned cannot conclude that Petitioner received any less process than he was due on his motion for new trial.

(R&R, 16 (emphasis added).)

Petitioner's objections to the R&R's treatment of Ground One are **OVERRULED**.

## II. GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO ARGUE DISAPPEARANCE OF THE EVIDENCE

In his second ground for relief, Petitioner argues that he was provided constitutionally deficient counsel before the Court of Common Pleas. After the evidence went missing, Petitioner's counsel moved for a new trial citing, *inter alia*, Ohio Criminal Rules 33(A)(1) (irregularity of proceedings) and 33(A)(2) (juror misconduct). (ECF 11, PAGEID # 100–01.) He later abandoned the Rule 33(A)(1) argument. That abandonment constitutes the purportedly deficient assistance of counsel. (Brief in Support, 20. *See also* ECF No. 11, PAGEID # 143.) The Court of Appeals overruled Petitioner's assignment of error on this basis, finding that he could not demonstrate that his trial counsel's performance was deficient or prejudicial. (ECF No. 11, PAGEID # 242.) The Magistrate Judge concluded that the Court of Appeals' "determination was not contrary to Supreme Court precedent, an unreasonable application of federal law, or an unreasonable determination of facts." (R&R, 19.) This Court agrees.

4

Petitioner also argues that, because this Court finds that the disappearance-of-evidence argument is procedurally defaulted for the trial attorney's "fail[ure] to present it in federal terms, it follows that his trial counsel was ineffective." (Objs., 14.) This argument appears nowhere in the Amended Petition. Accordingly, it is waived. *See Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted).

Petitioner's objections to the R&R's treatment of Ground Two are **OVERRULED**.

### III.   GROUND FOUR: CONVICTION ON INSUFFICIENT EVIDENCE

In his final ground for relief, Petitioner argues that his conviction is not supported by sufficient evidence of guilt. (Brief in Support, 24.) The Magistrate Judge found that "it was not unreasonable for the state appellate court to determine that there was sufficient evidence for a jury to find that Petitioner constructively possessed drugs located inside the house at 854 Antwerp Road." (R&R, 23.) This Court agrees with the Magistrate Judge.

Petitioner objects, stressing that "no direct evidence was presented that [Petitioner] had control over any of the items located at that property." (Objs., 16.) But, as the Court of Appeals correctly noted, "[c]ircumstantial evidence alone may be sufficient to support the element of constructive possession." (ECF No. 11, PAGEID # 235 (quoting *State v. Pilgrim*, 922 N.E.2d 248, 260 (Ohio Ct. App. 2009)).

5

Moreover, "[c]ircumstantial evidence from which a reasonable inference of guilt beyond a reasonable doubt may be drawn is constitutionally sufficient." *Alder v. Burt*, 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003). *See also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) (noting, in a habeas challenge on sufficiency of the evidence, that "circumstantial evidence is entitled to equal weight as direct evidence"). Here, the Court of Appeals concluded that the evidence presented against Petitioner, "if believed," supports the jury's guilty verdict. (ECF 11, PAGEID # 236.) That conclusion was not unreasonable.

Petitioner's objection to the R&R's treatment of Ground Four is **OVERRULED**.

## IV. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 15) and **OVERRULES** Petitioner's Objections (ECF No. 18). The Clerk will enter judgment that the Amended Petition is **DISMISSED with prejudice**. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6